UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HALE,<br><br>           Plaintiff,<br><br>      v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>           Defendant. | Case No. 19-cv-04184-HSG<br><br>**ORDER SUA SPONTE REMANDING TO STATE COURT FOR LACK OF JURISDICTION** |

Plaintiff Darlene Hale initially filed this action in Contra Costa County Superior Court on June 9, 2017. Over two years later, on June 21, 2019, Plaintiff amended her complaint for the third time. *See* Dkt. No. 8-2. Ex. B at 703 ("TAC"). In the operative complaint, Plaintiff alleges that she was employed by Defendant San Ramon Valley Unified School District as a principal for nine years. *See id.* at ¶ 3. However, in 2014 and 2015, Defendant asked her "to engage in unlawful practices with respect to students with disabilities." *See id.* at ¶ 5. Plaintiff alleges that she resisted these requests, and in response, Defendant harassed her and eventually forced her to resign. *See id.* at ¶¶ 6–10, 12. On the basis of these facts, Plaintiff alleges two causes of action for: (1) violation of California Labor Code § 1102.5 and (2) "violation of federal statutes." *Id.* at ¶¶ 16–21.

As part of her first cause of action, Plaintiff alleges that she was harassed and terminated in violation of public policy due to her resistance to unlawful practices. *Id.* at ¶ 16. Plaintiff listed these allegedly unlawful practices in Exhibit 2 to her complaint. *See* ¶¶ 17–18, & Ex. 2. As part of her second cause of action, Plaintiff alleges that Defendant directed Plaintiff to violate the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, including the requirement to provide "a free appropriate public education" ("FAPE"), 20 U.S.C. § 1412. *Id.* at

¶ 20. She further alleges that Defendant retaliated against her based on her resistance to violating these statutes. Defendant removed this action on the basis of this second cause of action, alleging that it arises under federal law. *See* Dkt. No. 8.

The Court raised its concerns with the parties about whether federal jurisdiction is proper based on these allegations. *See, e.g.*, Dkt. Nos. 29, 49. And on April 21, 2020, following a discussion with the parties during a telephonic conference, the Court issued an order to Defendant to show cause why the case should not be remanded for lack of jurisdiction. *See* Dkt. No. 47. Both Plaintiff and Defendant responded to the order to show cause. *See* Dkt. Nos. 52, 53.

**I.  LEGAL STANDARD**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

**II.  DISCUSSION**

In response to the order to show cause, Defendant acknowledges that there is no private right of action for money damages under the IDEA for either parents or students, and thus states that "there certainly would not be such a claim available to a non-disabled third-party." *See* Dkt. No. 52 at 2. Plaintiff's second cause of action, therefore, does not state a valid claim under federal law to confer federal jurisdiction. *Cf. Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 936–37 (9th Cir. 2007) (finding money damages unavailable under IDEA for pain and suffering, but rather only for reimbursement of expenses related to necessary efforts to secure child's FAPE). Defendant next posits, for the first time, that Plaintiff's first cause of action, a violation of

California Labor Code § 1102.5, actually provides the basis for federal jurisdiction. *See* Dkt. No. 52 at 2–3.

Section 1102.5(c) states in relevant part that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." *See* Cal. Lab. Code § 1102.5(c). In support of this claim, therefore, Plaintiff attaches Exhibit 2 to the TAC, which lists myriad provisions of the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA") as among the "specific federal and state statutes which Defendant directed Plaintiff to violate." *See* TAC at ¶¶ 17–18. Both Plaintiff and Defendant note that non-disabled school employees have standing to sue under the Rehabilitation Act and ADA for alleged retaliation for advocating on behalf of disabled students. *See* Dkt. No. 52 at 2 (citing *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 823 (9th Cir. 2009)); *see also* Dkt. No. 53 at 1 (same). But critically, Plaintiff has not sued for retaliation under either the Rehabilitation Act or the ADA. Instead, she has sued under California Labor Code § 1102.5. Merely referencing a federal statute is insufficient to confer federal jurisdiction.

The Supreme Court has recognized that in "certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) the Court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314. However, neither party has explained how Plaintiff's cause of action under § 1102.5 implicates any "significant federal issues." To the contrary, the controversy appears to turn on whether Defendant had a non-retaliatory reason for dismissing Plaintiff rather than on any legal dispute about the Rehabilitation Act or the ADA. *See, e.g.*, *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024 (9th Cir. 2011) (holding that federal question jurisdiction did not exist where a lease was governed "by [a] specific federal statutory and regulatory scheme" but the

3

plaintiff's cause of action relating to the lease did not require the resolution of a federal question of law).

Defendant has had ample opportunity to establish why the Court has federal jurisdiction over this action and has failed to meet its burden. The Court understands that the parties may be frustrated with the length of time that the case has been pending and the lack of finality, *see* Dkt. No. 53 at 3, but the Court has a duty to raise and decide issues of subject matter jurisdiction any time it appears subject matter jurisdiction may be lacking. *See* 28 U.S.C. § 1447(c). "Federal courts are courts of limited jurisdiction," and as such, they have no power to consider claims for which they lack subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. CONCLUSION

Accordingly, the Court finds that it lacks subject matter jurisdiction and sua sponte **REMANDS** the action to Contra Costa County Superior Court. The Court **DENIES AS MOOT** all other pending motions and the clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 6/12/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

4